CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 2 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK TODD SHOWALTER,<br>    Plaintiff, | Civil Action No. 7:05-cv-00651 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR, VIRGINIA<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Mark Todd Showalter, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants have made threats to harm him and have denied him access to the courts. Showalter seeks a preliminary injunction against defendants. The court finds that Showalter's complaint fails to state a claim upon which the court may grant relief and, therefore dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.

### I.

Showalter alleges that correctional officers have called him names and threatened him with physical violence via a handwritten note, reading "we are trying to kill you." Additionally, he claims that he wishes to file a lawsuit under § 1983 regarding these incidents but that prison officials and correctional officers refuse to properly receipt his lawsuit. Accordingly, he claims that he is unable to mail the complaint and is being denied access to the courts.

### II.

In order to state a claim of constitutional significance regarding prison conditions, a

1

plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Showalter alleges only that he has been called names and received a note, allegedly written by a correctional officer, which states that "we are trying to kill you." However, Showalter has not alleged that he has suffered any actual harm as a result of the name calling; nor does he allege that correctional officers have made any actual attempts to harm him or that he has sustained any injury whatsoever. Accordingly, the court finds that Showalter has not alleged current or future injury and has therefore failed to state a claim under the Eighth Amendment.

### III.

Reasonable access by prisoners to both state and federal courts is a guaranteed right. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). However, in addition to showing some interference with this right or some deficiency in the legal resources available to him, an inmate claiming officials have denied him access to the courts must produce evidence of actual injury or specific harm related to litigation involving a challenge to the conditions of his confinement or the fact of his confinement. Lewis v. Casey, 518 U.S. 343 (1996); Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). Showalter laments that prison officials are denying him access to the court by failing to provide a proper receipt for his complaint; however, plaintiff's filing of the current suit suggests that prison officials have not hindered his ability to correspond with the courts. As such, he has failed to demonstrate any actual injury or specific harm and therefore fails to state a claim under the First Amendment.

2

## IV.

For the stated reasons, Showalter's complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER:** This ___2d___ day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

3